# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| **FIRST BANK BUSINESS CAPITAL, INC.**, a Missouri corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**AGRIPROCESSORS, INC.**, an Iowa corporation; **LOCAL PRIDE, LLC**, an Iowa limited liability company; **ABRAHAM AARON RUBASHKIN**; and **'SHOLOM RUBASHKIN**,<br><br>Defendants. | No. C08-1035<br><br>**ORDER DENYING MOTION TO INTERVENE** |

_____

## TABLE OF CONTENTS

*I.*   *INTRODUCTION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

*II.*   *RELEVANT FACTS*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    *A.*   *The Civil Case*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    *B.*   *The Criminal Case*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*III.*   *ISSUE PRESENTED*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*IV.*   *DISCUSSION*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
    *A.*   *Intervention as a Matter of Right*. . . . . . . . . . . . . . . . . . . . . . . . .   4
        *1.*   *Is the Motion Timely?*. . . . . . . . . . . . . . . . . . . . . . . . . . .   5
        *2.*   *Does the Government Have a Recognized Interest Which May be Impaired by the Disposition of this Case?*. . . . . . . . . . . . .   6
    *B.*   *Permissive Intervention*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*V.*   *ORDER*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

# I. INTRODUCTION

This matter comes before the Court on the Motion to Intervene Pursuant to Rule 24 (docket number 68) filed by the United States of America on July 10, 2009; the Response (docket number 69) filed by First Bank on July 15, 2009; the Resistance (docket number 73) filed by Sholom Rubashkin on August 6, 2009, and the Joinder (docket number 75) filed by Agriprocessors, Inc., on August 8, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

# II. RELEVANT FACTS

## A. *The Civil Case*

On October 30, 2008, Plaintiff First Bank Business Capital, Inc. ("First Bank") initiated this action by the filing of a Complaint (docket number 1) against Defendants Agriprocessors, Inc., Local Pride, LLC, Abraham Aaron Rubashkin, and Sholom Rubashkin. First Bank asked that judgment enter against Agriprocessors and Local Pride on an Exchange Revolving Note executed by them. First Bank also asked that judgment enter against Aaron Rubashkin and Sholom Rubashkin, based on guarantees executed by them. On November 3, 2008, Agriprocessors filed a voluntary petition for Chapter 11 bankruptcy protection. Defendant Sholom Rubashkin filed an Answer (docket number 46) on December 23, 2008. Following denial of their motions to dismiss, Defendants Local Pride and Abraham Aaron Rubashkin filed Answers (docket numbers 55 and 56) on March 5, 2009.

On April 3, 2009, the Court adopted a proposed scheduling order and discovery plan submitted by the parties. Among other things, the Court established a September 30, 2009 deadline for completion of discovery, and a dispositive motions deadline of October 15, 2009. *See* docket number 57. Trial has been scheduled before Chief Judge Linda R. Reade on February 16, 2010, with a final pretrial conference on January 21, 2010. *See* docket number 58.

On June 16, 2009, First Bank filed a First Amended and Supplemental Complaint (docket number 64), adding an additional count, claiming actual and exemplary damages

against Sholom Rubashkin for fraud. Answers to the amended complaint were filed by Abraham Aaron Rubashkin, Sholom Rubashkin, and Local Pride on June 23 and 24, 2009. *See* docket numbers 65, 66, and 67.

### B. *The Criminal Case*

Meanwhile, on November 20, 2008, Agriprocessors, Sholom Rubashkin, and others were charged with multiple criminal offenses in a Second Superseding Indictment returned in *United States of America v. Agriprocessors, Inc. et al.*, No. 2:08-cr-01324-LRR (N.D. Iowa).[1] In addition to charges associated with harboring undocumented aliens, Agriprocessors and Sholom Rubashkin were charged with two counts of bank fraud (Counts 11 and 12). The alleged activity giving rise to the bank fraud charges is the same as that alleged by First Bank in the instant civil action.

The criminal charges have been amended repeatedly, most recently with a Seventh Superseding Indictment filed on July 16, 2009. There are 72 counts associated with harboring illegal aliens and 71 counts associated with bank fraud. There are also 20 counts alleging a violation of an order of the Secretary of Agriculture. The trial of the "immigration counts" has been severed from trial on the "financial counts," with the trial on the financial counts scheduled to begin on September 15, 2009.

### III. ISSUE PRESENTED

In its motion to intervene, the Government asks that it be permitted to intervene in this civil action "for the limited purpose of seeking a stay of discovery in this proceeding pending the outcome of a parallel criminal case in the Northern District of Iowa against Defendants Agriprocessors, Inc., and Sholom Rubashkin." A copy of its proposed motion to stay discovery is attached to the instant motion to intervene. The Government argues

---

[1] The criminal case was initiated with the return of an Indictment against Karina Pilar Freund on September 17, 2008, but Agriprocessors, Sholom Rubashkin, and the other defendants were not added until the Second Superseding Indictment was returned on November 20, 2008.

3

that failing to stay discovery in the civil case "would severely prejudice the parallel criminal prosecution."

In its response, First Bank states that it does not object to the Government's motion, but only if "the filing of dispositive motions is not stayed," and the trial date "is not vacated." Sholom Rubashkin resists the Government's motion to intervene, and argues that he (and First Bank) will be prejudiced by any stay of discovery in the civil proceeding.

## IV. DISCUSSION

The Government asks that it be permitted to intervene in this civil action for the limited purpose of seeking a stay of discovery. The Government argues that it is entitled to intervene as a matter of right, or alternatively, that the Court should grant permissive intervention.

### A. Intervention as a Matter of Right

FEDERAL RULE OF CIVIL PROCEDURE 24(a) provides that on timely motion, the Court *must* permit anyone to intervene who is given an unconditional right to intervene by federal statute, or who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). Accordingly, to intervene as a matter of right, the Government (1) must file a timely motion establishing (2) that it has a "recognized interest" in this action, which (3) might be impaired "by the disposition" of this case, and (4) its interest will not be adequately protected by First Bank. *South Dakota v. United States Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

4

### *1. Is the Motion Timely?*

The Court first addresses the issue of whether the motion is timely. "The timeliness of a motion to intervene is determined from the totality of the circumstances." *Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995). Factors to be considered by the Court in determining whether a motion is timely include "the progress of the litigation at the time intervention is sought, the length of the delay, the reason for the delay, and the prejudice other parties would suffer if the intervention were permitted." *EEOC v. Westinghouse Elec. Corp.*, 675 F.2d 164, 165 (8th Cir. 1992). There are, however, "no ironclad rules" which govern a determination of timeliness. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993).

The first factor identified in *Westinghouse* is "the progress of the litigation at the time intervention is sought." 675 F.2d at 165. This case has been pending for nearly ten months. The Court-imposed deadline for completion of discovery is September 30. The deadline for filing dispositive motions is October 15. A trial date has been established. This case is well beyond its early stages. Accordingly, the Court finds that the first factor identified in *Westinghouse* weighs against a finding that the motion is timely filed.

The Court must next consider the length of the delay in filing the motion to intervene, and the reason for the delay. The Government did not file its motion to intervene until July 10, 2009, nearly eight months after it initiated criminal charges against Agriprocessors and Sholom Rubashkin. The Government argues that the motion is timely because First Bank did not file its amended complaint, adding a fraud count, until June 16, 2009. The Court finds the Government's argument unconvincing. While First Bank only recently added a count alleging fraud to its claims in this civil action, the basic facts underlying First Bank's claims remain unchanged, and have been known to the Government since at least the filing of the Second Superseding Indictment. That is, the potential for Rubashkin using discovery obtained in the civil action to defend against the criminal charges has existed since November 20, 2008.

Finally, the Court is required to consider whether the parties will be prejudiced by the Government's intervention. If the Government is permitted to intervene, it would seek a stay of discovery until after the financial counts in the criminal case "are resolved by a jury verdict or other disposition." Trial in the criminal case is scheduled to begin on September 14 and is expected to last at least three weeks. Accordingly, the Government's proposed stay would extend beyond the current deadline for completion of discovery.

In its response to the motion to intervene, First Bank states that it does not object, provided the deadline for filing of dispositive motions (October 15) and the trial date (February 16, 2010) are unaffected. Defendants have not asked for any extension of the deadlines in this case, and it appears that First Bank would resist any such extension. Therefore, if the Government is permitted to intervene, and if the Court ordered a stay of discovery, then the parties may be required to proceed with dispositive motions and trial without any further discovery. After considering the totality of the circumstances, including the factors identified by the Court in *Westinghouse*, the Court concludes that the Government's motion to intervene was not timely filed. *Compare*, *SEC v. Fraser*, 2009 WL 1531854 (D. Ariz.) at *1 ("The Government's motion was timely because it was filed early on in the case, there has been no delay in filing the motion, and no prejudice or delay is apparent from permitting intervention."); *SEC v. Gerhardt*, 2007 WL 1452236 (E.D. Mo.) at *1 ("This action has not been pending long enough so that the government's intervention will prejudice the parties.").

### 2. *Does the Government Have a Recognized Interest Which May be Impaired by the Disposition of this Case?*

The Court has concluded that the Government's motion to intervene is not timely and, therefore, may be denied for that reason. The Court also concludes, however, that the Government's stated interest in this civil case does not meet the requirements for intervention as a matter of right, as found in Rule 24(a). FEDERAL RULE OF CIVIL PROCEDURE 24(a) establishes a right to intervene under two circumstances: First, the court must permit anyone to intervene who "is given an unconditional right to intervene by

federal statute." Rule 24(a)(1). The Government does not claim that there is any federal statute which gives it an unconditional right to intervene in this case. Second, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(a)(2).

The Government argues that it "has a legally protected interest which is directly and imminently imperiled by the pending civil action."[2] Specifically, the Government asserts that it has a "discernible interest in intervening in order to prevent discovery in the civil action from being used to circumvent the more limited scope of discovery in the criminal matter," citing *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).[3] Other district court cases cite *Chestman* for the same proposition. *See, e.g.*, *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 529-530 (S.D.W.V. 2005); *SEC v. Downe*, 1993 WL 22126 (S.D.N.Y.) at *11.

In *Chestman*, the Government sought intervention into a civil case solely for the purpose of seeking a stay of discovery pending completion of a criminal investigation concerning the same underlying facts. The district court denied intervention as of right under Rule 24(a), but granted permissive intervention under Rule 24(b). It then stayed discovery. Defendant appealed from the grant of intervention, and alternatively, sought a writ of mandamus to vacate the order granting intervention. After concluding that an order granting intervention could not be challenged by interlocutory appeal, the Court also denied the petition for writ of mandamus. In a brief *per curiam* opinion, the Second Circuit Court of Appeals found that a writ of mandamus would only issue when an

---

[2] *See* Government's Memorandum in Support of Motion to Intervene at 5 (docket number 68-4 at 5).

[3] The Eighth Circuit Court of Appeals has not addressed the issue of whether the Government may intervene in a civil case for the sole purpose of staying discovery. In fact, *Chestman* appears to be the only Circuit case to address the issue.

7

"extreme need for reversal" existed following a "clear abuse of discretion" by the district court. 861 F.2d at 50. In finding that the defendant was not prejudiced, the Court concluded that "appropriate opportunities for discovery can be allowed when the stay is lifted." *Id*. In concluding that there was no "clear abuse of discretion," the Court stated:

> The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter. Allowing intervention under either Rule 24(a) or (b) was therefore not a "clear abuse of discretion."

*Id*.

The Court in *Chestman* does not discuss the language in Rule 24(a)(2), which requires the movant's interest to relate "to the property or transaction that is the subject of the action." While the government may have an interest in intervening to prevent discovery in a civil case from being used in a related criminal action, Rule 24(a)(2) does not recognize that interest. Rather, the interest which authorizes intervention as a matter of right must relate to the "transaction" that is the subject of the action. *United States v. Metropolitan St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) ("A court must carefully analyze whether the proposed intervenor's asserted interest really is bound up with the subject matter of the litigation."). In this case, the "transaction" which is the subject matter of the action are the parties' notes, guarantees, and related activities. The Government claims no interest in those matters. The Government's interest here is in the litigation *process*, not in the subject matter of the litigation. Accordingly, the Court concludes that the Government's interest in limiting discovery is not one that is recognized by Rule 24(a)(2). *Id*. at 839 (a proposed intervenor must demonstrate that "the *subject matter* of the action affects its interests in a direct rather than tangential way") (emphasis added).

Furthermore, even if the Government has an interest in this case which is recognized by the rule, the Government must be "so situated that disposing of the action may as a practical matter impair or impede" its claimed interest. Rule 24(a)(2). Here, the

Government's stated interest is to prevent Defendants from using the more liberal discovery permitted in civil cases from being used in the criminal case. That interest is not affected, however, by the *disposition* of this action, as required by Rule 24(a)(2) to authorize intervention as a matter of right. That is, whether or not First Bank ultimately prevails in the disposition of this action will not "impair or impede" the Government's discovery concerns.

The Court recognizes that in finding that Rule 24(a)(2) does not authorize the Government to intervene as a matter of right to protect its discovery interest, it has found contrary to a long line of cases. It is clear that district courts have regularly allowed the government to intervene in civil cases for the sole purpose of staying discovery. Most of those cases find their genesis in *Chestman*. For example, in *SEC v. Shanahan*, 2007 WL 3232248 (E.D. Mo.), a case cited by the Government in its memorandum, the Court concluded that the government "clearly has an interest in the subject matter of the present action, 'because it has a recognizable interest in preventing discovery in the civil case from being used to circumvent the more limited scope of discovery in the related criminal case.'" *Id*. at *1 (quoting *SEC v. Mutuals.com, Inc.*, 2004 WL 1629929 (N.D. Tex.), which in turn cites *Chestman*). As additional authority, the Court in *Mutuals.com* cites *Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996), which states that "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." *Id*. at 86 (quoting *SEC v. Mersky*, 994 WL 22305 (E.D. Pa.), which in turn cites *Chestman*). In noting that courts have "almost universally permitted" the government to intervene in these circumstances, the Court in *Mersky* quoted *SEC v. Downe*, 1993 WL 22126 (S.D.N.Y.) which in turn cites *Chestman*. The Government's memorandum includes a long list of cases in which the Government has been allowed to intervene and obtain a stay of discovery.

The Court in *Chestman* addressed a "clear abuse of discretion" standard in the context of a petition for writ of mandamus, however, and did not discuss the language

found in Rule 24(a). The clear language of Rule 24(a)(2) states that a movant seeking to intervene as a matter of right must claim an interest "relating to the property or transaction that is the subject of the action," and that the *disposition* of the action may "impair or impede the movant's ability to protect its interest." The Court concludes that the Government's interest in limiting discovery prior to the trial of a related criminal action does not meet the requirements for intervention as a matter of right found in Rule 24(a)(2). Simply put, just because the Government has an interest in limiting the discovery which may be obtained for use in the criminal case, doesn't mean it has an interest in the "transaction that is the subject of the action," as required by Rule 24(a)(2).

## B. Permissive Intervention

FEDERAL RULE OF CIVIL PROCEDURE 24(b) provides that on timely motion, the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute, or who

> has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1)(B). The Government does not claim that it is given a conditional right to intervene by a federal statute. Accordingly, to prevail on its request for permissive intervention, the Government must (1) file a timely motion, (2) establishing "a claim or defense" that shares a common question of law or fact with this case. The Government argues that "[b]oth the criminal and civil actions are based, in large part, upon the same allegations of fraud."[4]

As set forth above, the Court concludes that Defendant's motion to intervene was not timely filed. Accordingly, it fails for that reason. Even if the motion were otherwise timely filed, however, the Court concludes that the Government's request to intervene and stay discovery should be denied.

---

[4] *See* Government's Memorandum in Support of Motion to Intervene at 11 (docket number 68-4 at 11).

The Court may authorize a party to intervene permissively if it has a claim which shares a common question of law or fact with a pending action. Here, the Government argues that its "claims" in the criminal action share common questions of fact with those in the instant civil case. "The existence of a 'common question' is liberally construed." *Bureerong*, 167 F.R.D. at 85. However, "[i]f there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the Court may refuse to allow intervention." 7C Wright, Miller & Kane, *Federal Practice and Procedure*, § 1913, at 376-77 (cited with approval in *South Dakota ex rel Barnett v. U.S, Dept. of Interior*, 317 F.3d 783, 787 (8th Cir. 2003)).

A stay of discovery in this case will prejudice the parties. First Bank states that it does not object to the Government's request, provided the dispositive motions deadline and trial date are unaffected. That is, First Bank has an interest in the timely disposition of this case and does not want its interests prejudiced by the Government's concerns regarding the use of discovery. Similarly, Rubashkin would be prejudiced by being unable to conduct discovery which may be necessary for dispositive motions or trial. It cannot be assumed--as the Government would apparently have it-- that the deadlines or the trial date in the civil case will be extended.

Furthermore, the Government fails to allege with specificity how the criminal case will be "severely prejudiced" by failing to stay discovery in the civil action. Conclusory allegations that a criminal case might be harmed simply because civil discovery rules are more broad than criminal discovery rules are not sufficient to establish the "substantial prejudice" necessary to warrant granting a stay. *Fraser*, 2009 WL 1531854 at *2 (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).[5] *See also*

---

[5] In *Fraser*, the government moved to intervene in the case and to stay the civil action pending resolution of two criminal cases, while in the instant action the Government
(continued…)

11

*United States v. All Funds on Deposit*, 767 F. Supp. 36, 42 (E.D.N.Y. 1991) ("mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery will not avail on a motion for a stay") (quoting *United States v. Leasehold Interests in 118 Ave. D*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990)).

Even if the Government's motion had been timely filed in this case, the Court concludes that it should be denied permissive intervention for the sole purpose of staying discovery. As set forth above, to allow the Government to intervene for that purpose would prejudice the parties.

### *V. ORDER*

IT IS THEREFORE ORDERED that the Motion to Intervene (docket number 68) filed by the United States on July 10, 2009 is hereby **DENIED**.

DATED this 18th day of August, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[5](…continued)
seeks only to stay discovery. Given the late stage of the civil case, however, a stay of discovery has the practical effect of prejudicing the parties or extending the dispositive motions deadline and trial.