# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| FIRST BANK BUSINESS CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AGRIPROCESSORS, INC., LOCAL PRIDE, LLC, ABRAHAM AARON RUBASHKIN and SHOLOM RUBASHKIN, <br><br> Defendants. | No. 08-CV-1035-LRR <br><br> **ORDER** |

## I. INTRODUCTION

The matter before the court is the United States of America's "Motion for Review of Magistrate's Order Denying Government's Motion to Intervene Pursuant to Rule 24 and for Expedited Consideration" ("Motion") (docket no. 81).

## II. PROCEDURAL BACKGROUND

### A. Instant Action

On October, 30, 2008, Plaintiff First Bank Business Capital, Inc. ("FBBC") filed a Complaint (docket no. 1) against Defendants Agriprocessors, Inc., Local Pride, LLC, Abraham Aaron Rubashkin and Sholom Rubashkin. FBBC seeks judgment for the amount due on a revolving credit agreement between FBBC and Defendants Agriprocessors and Local Pride. FBBC also seeks judgment against Abraham Rubashkin and Sholom Rubashkin on personal guarantees they signed in conjunction with the revolving loan.

On April 3, 2009, the court entered the Scheduling Order and Discovery Plan (docket no. 57). The court set a discovery deadline of September 30, 2009 and a dispositive motions deadline of October 15, 2009. Trial is set to begin on February 16,

2010.

On June 16, 2009, FBBC filed a "First Amended and Supplemental Complaint" ("Amended Complaint") (docket no. 64). In its Amended complaint, FBBC added a fraud claim against Sholom Rubashkin.

### B. Related Criminal Proceeding

In a related criminal proceeding, *United States of America v. Agriprocessors, Inc. et al.*, case no. 08-CR-1324-LRR (N.D. Iowa) ("Criminal Proceeding"), Sholom Rubashkin is charged with bank fraud. *See* Seventh Superseding Indictment (Criminal Proceeding docket no. 544). The Seventh Superseding Indictment charges that Agriprocessors and Sholom Rubashkin committed fourteen counts of bank fraud against FBBC by: (1) concealing illegal activity; (2) making false statements concerning Agriprocessors' compliance with certain federal statutes; (3) fraudulently diverting collateral; and (4) creating false accounts receivable. On August 31, 2009, the court dismissed Agriprocessors from these counts. The trial in the Criminal Proceeding on the bank fraud counts was originally scheduled to commence on September 15, 2009. On August 31, 2009, the court continued trial until October 13, 2009.

### C. Instant Motion

On July 10, 2009, the government filed a "Motion to Intervene Pursuant to Rule 24" ("Motion to Intervene") (docket no. 68). The government filed the Motion to Intervene "for the limited purpose of seeking a stay of discovery . . . pending the outcome of [the Criminal Proceeding]." Motion at 1. On July 15, 2009, FBBC filed a Response (docket no. 69). On August 6, 2009, Sholom Rubashkin filed a Resistance (docket no. 73). On August 8, 2009, Agriprocessors filed a Joinder (docket no. 75) in Sholom Rubashkin's Resistance.

On August 18, 2009, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 78) denying the Motion to Intervene. Judge Scoles concluded that the Motion

to Intervene was not timely. Judge Scoles also ruled that, even if the motion had been timely, the government was not entitled to intervene either as of right or permissively. On August 28, 2009, the government filed the Motion. On September 1, 2009, Sholom Rubashkin filed a Resistance (docket no. 83).

## IV. ANALYSIS

The government filed the Motion seeking reconsideration of Judge Scoles's order pursuant to Local Rule 72.1. Local Rule 72.1 provides, in relevant part:

> A party who objects to or seeks review or reconsideration of either a magistrate judge's order on a pretrial matter or on a magistrate judge's report and recommendation must file specific, written objections to the order or report and recommendation within 10 court days after service of the order or report and recommendation.

### A. Summary of Government's Arguments

The government argues that it is entitled to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. To intervene as a matter of right, a movant must: (1) file a timely motion; (2) demonstrate an "interest relating to the property or transaction that is the subject of the action;" (3) demonstrate that the court's disposing of the action will "impair or impede the movant's ability to protect its interest;" and (4) demonstrate that the existing parties do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a)(2).

In the alternative, the government argues it should be permitted to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) provides: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to grant permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### *B. Whether Motion to Intervene Was Timely*

Whether intervention is sought pursuant to Rule 24(a) or Rule 24(b), the express language of the Rule requires that the motion be "timely." Thus, "[t]he first requirement of Rule 24 is that motions to intervene be 'timely.'" *P.A.C.E. v. Kansas City Mo. Sch. Dist.*, 267 F.App'x. 487, *488 (8th Cir. 2008) (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)). "The timeliness of a motion to intervene is determined from the totality of the circumstances." *Winbush v. State of Iowa by Glenwood State Hosp.*, 66 F.3d 1471, 1479 (8th Cir. 1995) (quoting *NAACP*, 413 U.S. at 366). In particular, the court should consider "the progress of the litigation at the time intervention is sought, the length of the delay, the reason for the delay, and the prejudice other parties would suffer if intervention were permitted." *EEOC v. Westinghouse Elec. Corp.*, 675 F.2d 164, 165 (8th Cir. 1982) (per curiam).

The court finds that the first factor, the progress of the litigation at the time intervention is sought, weighs against a finding of timeliness. As Judge Scoles noted in the Order, this case had been pending for nearly ten months when the government filed the Motion to Intervene. The discovery deadline is less than one month away and the dispositive motions deadline is October 15, 2009. Furthermore, trial is set to begin on February 16, 2010. *See Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 999 (8th Cir. 1993) (district court abused its discretion in denying motion to intervene where the litigation "scarcely had progressed beyond the initial filing of pleadings" and the parties "had not yet even exchanged discovery requests."). The court finds the progress of this litigation weighs against a finding that the Motion to Intervene was timely.

The court also finds that the length and reason for the government's delay in filing the Motion to Intervene weigh against a finding of timeliness. The government waited almost eight months after bringing criminal charges against Agriprocessors and Sholom Rubashkin to file the Motion to Intervene. The government argues that FBBC did not

4

allege fraud against Sholom Rubashkin until it filed the Amended Complaint on June 16, 2009. While FBBC's original complaint did not specifically assert a fraud claim against Sholom Rubashkin, FBBC has previously alleged the facts underlying the fraud claim. FBBC's original complaint contained numerous allegations of misrepresentations and improper diversions of collateral.

The government also argues that Sholom Rubashkin's recent efforts to schedule the depositions of "key bank witnesses" justifies the government's delay in filing its motion to intervene. Mem. in Support of Motion (docket no. 81-2), at 15. Assuming such efforts have been made, as a defendant in this civil litigation, Sholom Rubashkin is entitled to take depositions under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30. To the extent Sholom Rubashkin seeks to use discovery he obtains in the instant action in the Criminal Proceeding, the undersigned will address issues arising out of this discovery in the Criminal Proceeding if and/or when they arise.

The court must also consider "the prejudice other parties would suffer if intervention were permitted." *Westinghouse*, 675 F.2d at 165. Granting the Motion to Intervene and staying discovery in this civil suit would greatly prejudice the parties. The government seeks a stay of discovery in this case "pending the outcome of [the Criminal Proceeding]." Motion at 1. The discovery deadline in this case is September 30, 2009. Dispositive motions are due on October 15, 2009. The undersigned agrees with Judge Scoles's conclusion that a stay would prejudice the parties by forcing them to "proceed with dispositive motions and trial without any further discovery." Order (docket no. 78), at 6. These considerations are even more compelling in light of the fact that the trial on the financial counts in the Criminal Proceeding has now been continued until October 13, 2009 and will likely last into November. Thus, the court would necessarily have to extend the deadlines in this case because they will pass within the first days of the criminal trial. Even if the court were to extend the deadlines for discovery and dispositive motions, the

parties may be left with inadequate time to conduct adequate discovery and file meaningful dispositive motions prior to the February 2010 trial. The prejudice to the parties in this case weighs against a finding that the Motion to Intervene was timely.

In summary, the court finds that the totality of the circumstances underlying the timing of the Motion to Intervene weigh against a finding of timeliness. The court agrees with Judge Scoles's conclusion that the Motion to Intervene was untimely. Accordingly, the court need not address the government's arguments that it is entitled to intervene as of right under Rule 24(a), or in the alternative, permissively under Rule 24(b).

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 81) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 4th day of September, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA